PEDERSEN and JACKSON
Attorneys at Law
161 5th Avenue South, Suite 301
P. O. Box 2349
Twin Falls, ID 83303-2349
208/734-2552

Attorney for:  Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAURICE EUGENE **IRELAND** and LARAE IRELAND, husband and wife,<br><br>        Plaintiffs,<br><br>vs.<br><br>**UNITED STATES OF AMERICA**<br><br>        Defendant. | Case No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs complain and allege as follows:

### A. PARTIES

1.   Plaintiffs MAURICE EUGENE IRELAND and LARAE IRELAND, bring this suit as husband and wife and all reside in the City of Blackfoot, County of Bingham, State of Idaho.

2.   Defendant, the United States of America, may be served by delivering a copy of the Summons and of the Complaint to the United States Attorney for the District of Idaho.  Defendant may also be served by sending a copy of the Summons and of the

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

Complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia and by also sending a copy of the Summons and of the Complaint by registered or certified mail to the officer or agency whose action is attacked in this suit, but who is not made a party to this suit.

## B. JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1346(b)(1) since this action involves a claim against the United States, for money damages, accruing on and after January 1, 1945, for personal injury caused by the negligent and/or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment. This Court also has supplemental jurisdiction over the claims against other known and unknown defendants which claims are part of the same case or controversy pursuant to Article 3 of the United States Constitution.

4. Venue is proper in the Federal District Court for the District of Idaho pursuant to 28 U.S.C. § 1391 (e)(2) because some or all of the acts complained of occurred in the State of Idaho. Venue should be in the southern calendar pursuant to local Rule 3.1.

## C. CONDITIONS PRECEDENT

5. Plaintiffs timely presented this claim in writing to the United States Department of Veterans Affairs. The United States

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

PEDERSEN and JACKSON
ATTORNEYS AT LAW
161 5TH AVENUE SOUTH, SUITE 301
BOX 2349
TWIN FALLS, ID 83303-2349
PHONE 208/734-2552

Department of Veterans Affairs failed to make a final disposition of the claim within six months after it was presented pursuant to 28 U.S.C. § 2675(a).

### D. FACTUAL CONTENT

6.  On June 4, 2004 Plaintiff Maurice Ireland sought the medical care of Dr. Walaliyadda at the Pocatello VA Outpatient Clinic, 444 Hospital Way, Suite 801, Pocatello, Idaho 83201, because he had noted right-sided numbness and weakness as well as right facial asymmetry. Mr. Ireland was diagnosed by Dr. Ananda Walaliyadda with right-sided hemiplegia. Dr. Walaliyadda gave him a prescription for Plavix (a blood thinner) and arranged for a CT of Maurice Ireland's brain to be taken 19 days later on June 23, 2004 in Salt Lake City, Utah. Over the course of the next two and a half weeks, Mr. Ireland's condition deteriorated.

7.  On June 23, 2004 Maurice Ireland went to the VA Hospital in Salt Lake City for the previously scheduled CT scan and after it was performed he went home.

8.  Furthermore, when Maurice Ireland had the CT exam performed on June 23, 2004, at 8:29 a.m. at the Salt Lake City HCS, it is believed the exam was interpreted that day by doctors Richard H. Wiggins, M.D. and Keith McKlendin, M.D., resident physician. The test showed a subacute left subdural hemorrhage with local mass effect. That finding required immediate medical attention but neither of those physicians nor any staff employee or agents of the VA advised the patient of that serious

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

condition. No one advised Mr. Ireland that he had a brain bleed until Dr. Walaliyadda called him on June 24, 2004 at 3:44 p.m. and told him he should return to the Salt Lake City VA the following day and he should discontinue taking the previously prescribed blood thinner. Mr. Ireland complied with the doctor's orders.

9. Maurice Ireland had been suffering from an untreated subdural hemorrhage which was not appropriately diagnosed on June 4, 2004. He underwent surgery on June 26, 2004 and was in the hospital for seven weeks at the VA and then was transferred on August 16, 2004 to the Life Care Center in Idaho Falls where he was until November 19, 2004.

10. Maurice Ireland still suffers residuals from the failure to properly treat his subdural hemorrhage.

### E. ALLEGATIONS

### COUNT ONE - FEDERAL TORT CLAIMS ACT

11. At all times material hereto Defendant Ananda Walaliyadda, M.D. has been a physician holding himself out as duly licensed to practice his profession under and by virtue of the laws of the United States and was engaged in the practice of his profession in the City of Pocatello, County of Bannock, State of Idaho. During the time period set forth in the claim, Ananda Walaliyadda, M.D., was an attending physician employed by the VA acting within the scope of his employment in his care and treatment of Mr. Ireland. Under the laws of the State of Idaho, a

PEDERSEN and JACKSON
ATTORNEYS AT LAW
161 5TH AVENUE SOUTH, SUITE 301
BOX 2349
TWIN FALLS, ID 83303-2349
PHONE 208/734-2552

private person would be liable to Plaintiffs for this act or omission. Pursuant to 28 U.S.C. §1346(b), the United States is liable to Plaintiffs for their damages as set forth herein.

12. At all times material hereto Defendant Keith McKlendin, M.D. has been a physician holding himself out as duly licensed to practice his profession under and by virtue of the laws of the United States and was engaged in the practice of his profession in the City of Salt Lake, County of Salt Lake, State of Utah. During the time period set forth in the claim, Keith McKlendin, M.D., was a resident physician and should be considered as employed by the VA acting within the scope of his employment. Under the laws of the State of Idaho, a private person would be liable to Plaintiffs for this act or omission. Pursuant to 28 U.S.C. §1346(b), the United States is liable to Plaintiffs for their damages as set forth herein.

13. At all times material hereto Defendant Department of Veterans Affairs is a governmental entity and is operated by the United States government providing services to the medically underserved, with its principal place of operation situated in and doing business through its agents, servants, management, staff, directors and/or employees in the City of Salt Lake, County of Salt Lake, State of Utah. Department of Veterans Affairs was operated and/or funded by the United States government at the time of the injury in question and was acting within the course and scope of its office or employment when the acts alleged herein

PEDERSEN and JACKSON
ATTORNEYS AT LAW
161 5TH AVENUE SOUTH, SUITE 301
BOX 2349
TWIN FALLS, ID 83303-2349
PHONE 208/734-2552

COMPLAINT AND DEMAND FOR JURY TRIAL - 5

were committed. Under the laws of the State of Idaho, a governmental entity would be liable to Plaintiffs for this act or omission. Pursuant to 28 U.S.C. §1346(b), the United States is liable to Plaintiffs for their damages as set forth herein.

14. At all times material hereto Defendant Department of Veterans Affairs is a governmental entity and is operated by the United States government providing services to the medically underserved, with its principal place of operation situated in and doing business through its agents, servants, management, staff, directors and/or employees in the City of Boise, County of Ada, State of Idaho. Department of Veterans Affairs was operated and/or funded by the United States government at the time of the injury in question and was acting within the course and scope of its office or employment when the acts alleged herein were committed. Under the laws of the State of Idaho, a governmental entity would be liable to Plaintiffs for this act or omission. Pursuant to 28 U.S.C. §1346(b), the United States is liable to Plaintiffs for their damages as set forth herein.

15. At all times material hereto Defendant Department of Veterans Affairs is a governmental entity and is operated by the United States government providing services to the medically underserved, with its principal place of operation situated in and doing business through its agents, servants, management, staff, directors and/or employees in the City of Pocatello, County of Bannock, State of Idaho. Department of Veterans Affairs was

COMPLAINT AND DEMAND FOR JURY TRIAL - 6

operated and/or funded by the United States government at the time of the injury in question and was acting within the course and scope of its office or employment when the acts alleged herein were committed. Under the laws of the State of Idaho, a governmental entity would be liable to Plaintiffs for this act or omission. Pursuant to 28 U.S.C. §1346(b), the United States is liable to Plaintiffs for their damages as set forth herein.

16. The professional and business relationships of Defendants to one another is not known to Plaintiffs at this time.

## COUNT TWO

17. Plaintiffs reallege the allegations contained in paragraphs 1 through 16 herein.

18. Defendants, jointly and severally, were negligent, grossly negligent and/or reckless in the manner in which they provided and/or failed to provide information, services and treatment to Plaintiff Maurice Ireland; such acts and/or omissions proximately caused Plaintiffs to suffer damages.

19. Plaintiffs are entitled to an award of damages, both special and general, in an amount to be proven at trial.

## COUNT THREE

20. Plaintiffs reallege the allegations contained in paragraphs 1 through 19 herein.

21. Defendant, his agents, servants, partners, joint venturers, indemnitors, assigns and/or employees' actions described previously violated Idaho Code § 39-4304 through § 39-

PEDERSEN and JACKSON
ATTORNEYS AT LAW
161 5TH AVENUE SOUTH, SUITE 301
BOX 2349
TWIN FALLS, ID 83303-2349
PHONE 208/734-2552

COMPLAINT AND DEMAND FOR JURY TRIAL - 7

4306.

22. Such actions constitute lack of informed consent which is negligence. Such negligence proximately caused Plaintiff to suffer damages.

23. Plaintiffs are entitled to an award of damages, both special and general, in an amount to be proven at trial.

### COUNT FOUR

24. Plaintiffs reallege the allegations contained in paragraphs 1 through 23 herein.

25. It has been necessary for Plaintiffs Maurice and LaRae Ireland to hire the firm Pedersen and Jackson to prosecute this action.

26. Plaintiffs are entitled to reasonable attorney fees in the event they are the prevailing party in this action, pursuant to Idaho Code § 12-121, the applicable rules of the Idaho Rules of Civil Procedure and the applicable Federal law and Federal Rules of Civil Procedure.

### F. DAMAGES

27. As a proximate and/or producing result of Defendant's acts, Plaintiffs have suffered substantial injuries and damages.

28. The damages complained of may have been caused by multiple factors but Defendants' acts, jointly and severally, were substantial factors in causing the damages.

29. There are certain elements of damages provided by law that Plaintiffs are entitled to have the jury in this case

COMPLAINT AND DEMAND FOR JURY TRIAL - 8

separately consider in determining the sum of money that will fairly and reasonably compensate them for their injuries and damages; those elements of damage include the following, both up to the time of trial and beyond:

A. Medical expenses necessarily incurred and to be incurred in the treatment of Maurice Ireland;

B. Travel expenses necessarily incurred and to be incurred in securing treatment for Maurice Ireland;

C. The reasonable amount necessary to reimburse Plaintiffs Jason and Jaime Trowbridge for time spent on additional tasks necessitated by this injury such as traveling to healthcare providers and other tasks related to Maurice Ireland's recovery;

D. Expenses necessarily incurred and to be incurred because of Maurice Ireland's permanent physical impairment and his resulting inability to do those tasks and services that he ordinarily would have been able to perform;

E. The physical pain and suffering Maurice Ireland has endured and will continue to endure because of the severe and permanent injury he sustained;

F. The disfigurement which Maurice Ireland has suffered and will continue to suffer;

G. The mental anguish and severe emotional distress Maurice Ireland has suffered and will continue to suffer;

H. Reasonable attorney fees; and

I. For the costs of prosecuting and presenting the evidence in this case; and

J. Loss of consortium.

30. Plaintiffs respectfully request that a jury determine the amount of the losses they have incurred in the past and will incur in the future.

COMPLAINT AND DEMAND FOR JURY TRIAL - 9

**PRAYER**

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants, jointly and severally, for:

    A.    as to all Counts: damages, both special and general, in favor of Plaintiffs in an amount to be determined at trial;

    B.    reasonable attorney fees;

    C.    costs of prosecuting and presenting the evidence of this case; and

    D.    such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial by a jury on all issues in the above-entitled matter.

DATED this 9th day of May, 2007.

PEDERSEN and JACKSON

_____
Robert L. Jackson, ISB #3010
Jarom A. Whitehead, ISB #6656
Attorneys for Plaintiffs

PEDERSEN and JACKSON
ATTORNEYS AT LAW
161 5TH AVENUE SOUTH, SUITE 301
BOX 2349
TWIN FALLS, ID 83303-2349
PHONE 208/734-2552

COMPLAINT AND DEMAND FOR JURY TRIAL - 10